BOARD OF SUPERVISORS OF SMITH COUNTY v. J. J. ASHLEY.

[56 South. 165.]

BOARD OF SUPERVISORS. *Stock law. Code* 1906, *section* 2235.

Under Code 1906, section 2235, so providing, the board of supervisors of a county is without power to repeal, modify or amend an order made by it creating a stock law district until after five years have expired from the date thereof, and then only upon a like petition or vote as is required for the creation of such district.

APPEAL from the circuit court of Smith county.

HON. C. L. DOBBS, Judge.

Proceeding by J. J. Ashley et al. for a repeal of an existing stock law. From a decision of the circuit court adverse to the board of supervisors, the board appeals.

The facts are as follows:

Proceedings by J. J. Ashley and others for a repeal of the stock law existing in described territory. From a judgment of the circuit court declaring the repeal of the stock law, rendered on appeal from the decision of the board of supervisors disallowing the petition, the board of supervisors appeals. Reversed and remanded.

The record in this case discloses the fact that a two-thirds majority of the freeholders and leaseholders for a period of three years or more, petitioned the board of supervisors to grant a stock law in the entire township, as provided by section 2235 of the Code of 1906. The board acted favorably upon this said petition and declared said township to be a stock law district. Thereafter, but within a period of five years, a like petition was presented to the board praying for a repeal of the stock law then existing in said territory, which petition was disallowed by the board. The petitioners appealed to the circuit court, and that court reversed the board

and declared the stock law to be repealed, from which judgment this appeal is taken.

*J. J. Stubbs,* for appellant.

The case at bar presents a single issue. Is the board of supervisors authorized under the statute to repeal, modify or amend its former declaration, declaring a certain territory a stock law district before the expiration of five years, after such declaration, creating the stock law district, and is the circuit court empowered upon an appeal from an order of the board of supervisors, refusing to modify, amend or repeal its declaration creating a stock law district before the period of five years has expired?

Code 1906, section 2238, reads as follows: "The board of supervisors may, after five years from the date of an order, and from time to time, on like petition or vote, repeal, modify, or amend its order relating to the stock law; but a repeal or amendment shall not take effect so as to require crops to be fenced until after a reasonable time allowed for building fences."

Our construction of this statute is that after the board of supervisors has declared a certain territory a stock law district, and put the freeholders of that territory to the expense and trouble of fencing pastures, and providing for the care of their crops and stock, that the board of supervisors, or the court is without authority to repeal or amend this declaration creating this stock law district for a period of five years, and then after the board of supervisors, upon a like petition as the stock law district was created, may from time to time, repeal, modify, or amend its order declaring a certain territory a stock law district. If this is not what this section of law means, it clearly seems to us that the clause in the section, "after five years from the date of the order," would mean nothing. There can be no intelligent construction placed upon this section to

give any meaning to this part of the section quoted, other than when the freeholders of a district have been taxed with the expense and trouble of preparing for the enforcement of the stock law in a certain territory, that they are protected from having to tear down again and rearrange their fences or pastures before the expiration of a period of five years. What could have been the purpose of the law making body to have drafted a law with this clause, other than to protect the freeholders and citizens of a stock law district from the very thing that has occurred in the case at bar? The case at bar, from a reading of the record, presents that the territory mentioned in the record was legally established as a stock law district, and that some months afterwards, perhaps a year, on appeal from a refusal of the board to repeal its order, declaring this territory a stock law district, the circuit court, by its judgment, repealed the order of the board of supervisors, and thus incurred an untold expense and trouble to the freeholders, when in truth and in fact, the stock law had not been in operation long enough for the freeholders of the territory to know whether they wanted it or not, and we think this error in the court below ought to reverse this cause.

At a glance one can see the wisdom of this saving clause in this section of law to the farmers or citizens who otherwise might have to rearrange their farms for the protection of their crops and stock every eight or ten months. The minority has some rights. No one can read this section and give meaning to this clause without seeing that this is the purpose of the law; that when the stock law is once put in force upon a certain territory, that it becomes a law in operation, for a period of five years, after which time the declaration, creating the stock law district from time to time on petition or vote is subject to repeal, modification or amendment, but not until the period of five years has elapsed from

the date of the order of the board creating the stock law district. A careful consideration of this section of the statute plainly presents this view, and that the court was in error in the case at bar in rendering a judgment repealing the stock law in the territory mentioned in the record of this case. We submit the case should be reversed and the stock law remain in full force under this section for a period of five years before the declaration creating the stock law district is subject to amendment, modification, or repeal.

*Wills & Guthrie,* for appellee.

The question involved in this case, is, whether or not where an entire township has been, by the board of supervisors, declared a stock law district, on the petition of more than two-thirds of the resident freeholders and leaseholders for a period of three years and more; it can be repealed on a like petition presented to the board within five years from the date of the order so creating the stock law territory.

By reference to the order passed by the board of supervisors declaring the territory involved in this litigation to exist as the stock law territory, and which order is a part of this record, we see that it recites that the petition of A. L. Stringer and others praying for a partial stock law in township one, range eight, Smith county, Mississippi, be granted, and they therein declared a partial stock law in said territory, etc.

Now just how the assistant attorney-general could have inferred from this order that this territory was annexed to a then existing stock law territory is beyond our conception. The record recites the fact that the freeholders and leaseholders for a period of three years and more, to the requisite number as required by law, petitioned the board to grant a stock law in the entire township as section 2235 of the Code of Mississippi 1906 required. And the board acting upon said petition de-

clared the said township a stock law district.    There-
after, but within the period of five years, as the record
shows, a like petition was presented to the board praying
for a repeal of the stock law then existing in the said
territory, and this petition was disallowed by the board
from which an appeal was prayed to the circuit court
of Smith county and the same was there tried before
the court upon the record there presented, and an order
entered by the court repealing the said stock law, from
which judgment of the court this appeal was taken.

The attorney-general frankly admits in the third par-
agraph of his brief that upon a similar state of facts, as
here presented, the board could repeal its former order.
He then presented the question as to whether or not
the word "may" as used in section 2238 should be in-
terpreted as "shall," making it as imperative on the
board of supervisors to repeal the stock law district as
it was upon them to enter the order declaring the dis-
trict a stock law territory.    We contend that it should.

In section 2235 the language of the statute is, "Upon
like proceedings any part of a county whether less than
a township or not, may be added to any stock law dis-
trict heretofore or hereafter established."    "May" is
here used in the same construction and sense that it is
used in section 2238 authorizing and empowering the
board of supervisors to repeal the order relating to the
stock law.    This court in *Shaw* v. *Wofford,* 82 Miss. 143,
in passing on that part of section 2235, above quoted,
expressly declares "may" to be interpreted as "shall,"
thereby giving the board of supervisors no discretion
whatever in the question of passing orders relative to
the establishing of a stock law where the proper show-
ing has been made by the residents of the proposed
territory.    Could it have been the legislative intent, or
could this court so interpret the law as to make it imper-
ative upon the board of supervisors to establish a stock
law district when two-thirds or more of the freeholders

and leaseholders for a period of three years and more petitioned for it; and at the same time the legislature in enacting a law for the repealing of the stock law, used the language with reference thereto, made it discretionary with the board of supervisors whether or not they shall comply with the will and desire of the same two-thirds majority of the resident citizens of the territory? No such construction can be placed on the legislative intent, no such meaning given the words therein used.

The precedent set by this court and the interpretation given the word "may" in the case of *Shaw* v. *Wofford,* above, makes it clear that "may" in section 2238 is to be interpreted as "shall," and the board of supervisors have no discretion in the matter when a petition is presented to them in conformation with law as was in the case under consideration, but are required to repeal the order creating the stock law. This is correct since it gives effect to the will of the majority of the resident citizens of such territory.

There is quite a difference in the positions taken by the counsel for appellant in the two briefs filed herein, the attorney-general very consistently adheres to the position taken by that office in advising the board of supervisors of the different counties of the state, with reference to the repealing of stock law, as is shown by Attorney-General report 1901-1903, p. 25, and Attorney-General Report 1905-1907, p. 82, each, as we think, is a correct construction of the law, giving the board of supervisors the authority to repeal the order creating the stock law, and making it as imperative upon them to enter the order repealing, as it was upon them to enter the order so creating it. In the attorney-general's opinion, report 1901-1903, p. 26, the very learned attorney-general says:

"Where a stock law district has been created in the manner prescribed by law the order declaring it may

be repealed, modified or amended within five years as to the whole district, or as to any part of it, upon the same kind of petition, or vote, that is required by law to create a district originally, but not otherwise. So, where two-thirds of those qualified to do so, petition, or the required majority vote, for the repeal in whole or in part of the order creating the district, it is the bounden duty of the board of supervisors to declare the result and put the will of those expressing it by petition, or vote, into effect. The law is as binding on the board to enter the order creating the district. 'May,' as used in this statute, is in the sense of granting a power rather than in the sense of conferring a discre- tion, and it means that the board 'shall' respect the wishes of those interested as expressed in the petition, or election, by declaring and recording that wish by bordering the annexation made where the law in that behalf has been complied with otherwise.'' This we consider the true interpretation of the law.

There was no error in the action of the court below and the judgment should be affirmed, same to take after a reasonable time allowed for building fences, after the receipt of the mandate of this court by the clerk of the court below.

SMITH, J., delivered the opinion of the court.

Under the provisions of section 2238 of the Code, the board of supervisors of a county is without power to repeal, modify, or amend an order made by it creating a stock law district until after the expiration of five years from the date thereof, and then only upon a like petition or vote as is required for the creation of such district.

*Reversed and remanded.*