WHITE *et al. v.* BOARD OF SUPERVISORS OF SCOTT COUNTY.

[91 South. 195, No. 22101.]

ANIMALS.  *Change of stock law district within five years unauthorized.*
  Under section 2238, Code of 1906 (section 4560, Hemingway's Code),
  the board of supervisors has no power to change or modify an exist-
  ing stock law district before expiration of five years; and section
  4555, Hemingway's Code, repeals above section only to the extent that
  one creation of or change in a stock law district may be had under
  latter section after its passage, except after five years from such
  creation or change.

APPEAL from circuit court of Scott county.

HON. E. L. BRIEN, Special Judge.

W. W. White and others, resident freeholders of a partial
stock law district, petitioned the board of supervisors of
Scott county to be annexed to a full stock law district con-
tiguous and adjoining thereto.  The board denied the re-
lief asked, and upon appeal to the circuit court from sucn
order judgment was rendered sustaining the board, and
the petitioners appeal.  Affirmed.

See, also, 89 So. 776.

*J. Paul White,* for appellant.

It will be noted by reference to the record in this case
that the petition was filed under sections 1 and 2, chapter
217, Laws 1914 (sections 4554 & 4555, Hemingway's Code).
Among other provisions in section 1, chapter 217, Laws
1914 (section 4554, Hemingway's Code), it is provided—
Upon like proceedings any part of a county, whether less
than a township or not, may, without the intervention of
a petition, be added to any stock law district heretofore
and hereafter established, whether marked by natural
boundaries or not; provided, the same be surrounded or
partly surrounded by territory heretofore or hereafter de-
clared to be under the stock law." (Italics ours.)

The learned judge of the circuit court apparently laid great stress on the word "may" appearing in this statute; although this court has construed the foregoing provision to be mandatory upon the board, and not merely directory, in the case of *Shaw et al.* v. *Woffard et al.* 82 Miss. 143, 34 So. 320. In this case the word "may" appearing in the statute was interpreted "shall."

Section 2, chapter 217, Laws 1914 (section 4555, Hemingway's Code), provides: "A petition may be filed, or an election held under this act any time after it goes into effect regardless as to whether a stock law or no stock law shall then be in effect."

The writer is familiar with the principle of law; that repeals by implication are not favored by the court, but it is equally well settled, that where two statutes are in irreconcilable conflict, the latest legislative expression must prevail.

If it can be successfully argued that section 2, chapter 217, Laws 1914 (section 4555, Hemingway's Code), does not repeal section 2238, Code 1906 (section 4560, Hemingway's Code), which reads as follows: "The board of supervisors may after five years from the date of the order, and from time to time, on like petition or vote, repeal, modify or amend its orders relating to the stock law; but a repeal, or amendment shall not take effect so as to require crops to be fenced until after a reasonable time allowed for building fences."

Then we could further argue that section 2235, Code 1906, section 4557, Hemingway's Code), which is identical with section 1, chapter 217, Laws 1914 (section 4554, Hemingway's Code), except that the two-thirds majority required in the former statute is changed to a majority in the latter, is likewise in effect; and such a conclusion is preposterous; although chapter 217, Laws 1914, does not by express terms repeal either section 2235, Code 1906 (section 4557, Hemingway's Code), or section 2238, Code 1906 (section 4560, Hemingway's Code) and both of the last-

mentioned sections are brought forward in Hemingway's Code as the sections above referred to.

It follows then, as night follows day, that sections 1 & 2, chapter 217, Laws 1914 (sections 4554 & 4555, Hemingway's Code), since they are the latest legislative expression on the subject, must supersede sections 2235 & 2238, Code 1906, inasmuch as the former sections are in irreconcilable conflict with the two last-mentioned sections.

To place a different construction on the act under review; that is section 2, chapter 217, Laws 1914 (section 4555, Hemingway's Code) would be to render it a nullity, and a meaningless piece of legislation, and no such intention can be imputed to the legislature. If it does not mean what it says, then what does it mean?

This identical question was before the court in the case of *C. E. White et al.* v. *Board of Supervisors of Scott County et al.,* No. 20877 (*per curiam* affirmed). In that case it was shown by the record that certain territory sought to be embraced in the very partial stock-law district, which includes the six sections sought by this appeal to be annexed to full stock law, had not been embraced in full stock law for five years; and it was argued by counsel that under the five-year statute, section 2238, Code 1906 (section 4560, Hemingway's Code), the board was without authority to repeal, modify or amend its orders relating to such territory.

This court disregarded that contention, and the effect of its decision in that case was to hold that said section 2238, Code 1906 (section 4560, Hemingway's Code), had been repealed by section 2, chapter 217, Laws 1914 (section 4555, Hemingway's Code), as the same sections were under review in that case; having been specifically brought to the court's attention by the assignment of error in the aforesaid case.

Again, if the court should endeavor by its construction to harmonize the sections under review, so as to give force and effect to both, the writer respectfully submits that it might be done as follows:  Section 2238, Code 1906, (sec-

tion 4555, Hemingway's Code) provides: "The board of supervisors may, after five years from the date of the order, and from time to time, on like petition or vote, repeal, modify or amend its orders relating to the stock law. . . . . (Italics ours.)

Construing the foregoing provision in the light of section 2, chapter 217, Laws 1914 (section 4555, Hemingway's Code), it would mean that after territory had been operating under stock law of some form for five years, the residents of such territory would then be sufficiently familiar with its advantages or disadvantages, and capable of making a choice from one scheme to another from time to time, instead of at intervals of five years thereafter. If it was the intention of the legislature to make changes possible only every five years, then the section would have read: "And at intervals of five years thereafter."

Such would be no strained, but a very logical construction of the five-year statute, if an attempt is made to harmonize the two; and would accomplish the desired result, yet, the writer respectfully submits that the five-year statute has been repealed by section 2, chapter 217, Laws 1914 (section 4555, Hemingway's Code), as heretofore shown in this argument.

In view of the foregoing conclusion, the writer very respectfully submits that the lower court erred in affirming the action of the board of supervisors of Scott county; and that this court should reverse and remand the cause, with its mandate directing said board to grant the relief prayed for in the petition.

*Percy M. Lee,* for appellee.

As the order appealed from provides in part that, it appearing to the board that said territory as above described is now embraced in a partial stock-law district and has not been in said partail stock-law district for five years or more, as required by statute—said petition—is hereby dismissed. We submit as follows: The only propo-

sition for the court's determination in this case is whether
the five-year statute, section 22238, Code of 1906, section
4560, Hemingway's Code, has been repealed by chapter 217,
Laws of 1914, Hemingway's Code, sections 4554 and 4555.

We lay down the proposition which is also elementary
that it is not necessary to cite authorities, that the courts
will endeavor to construe two apparently conflicting stat-
utes so as to give force and effect to both, if possible to
do so.

The five-year statute, section 2238, Code of 1906, section
4550, Hemingway's Code, provides as follows: "The board
of supervisors may after five years from the date of the
order, and from time to time, on like petition or vote, re-
peal, modify or amend its orders relating to the stock law;
but a repeal shall not take effect so as to require crops to
be fenced, etc., and this court, in the case of *Board of Super-
visors of Smith County* v. *Ashley et al.,* 56 So. Rep. 165,
in construing the above statute said.

Under the provisions of section 2238 of the Code the
board of supervisors of a county is without power to re-
peal, modify or amend an order made by it creating a
stock-law district until after the expiration of five years
from the date thereof, and then only upon a like petition
or vote as is required for the creation of such district.

We submit that the *Ashley case, supra,* is decisive of
the case at bar. As stated heretofore from the quotation
from the order of the board of supervisors, it was found
that the territory affected was in a partial stock-law dis-
trict, and that said territory had not been in such partial
stock-law district for five years or more. It manifestly
follows that the board of supervisors did the only thing
that could be done in view of the pronouncement of this
court in the Ashley case. We submit that the opinion in
the Ashley case is sound, and that before this court can
reverse this case, it will be necessary to over-rule the Ash-
ley case.

But appellants claim that they are entitled to relief
under chapter 217, Laws of 1914, sections 4554 and 4555.

Now upon an investigation of this act, we find from its title that it is simply an amendment of section 2234, Code of 1906, whereby a majority petition or vote is required, and the residents of municipalities are not permitted to vote in elections outside of same, with the further provision that: "A petition may be filed or an election held under this act any time after it goes into effect regardless as to whether a stock law or no stock law shall then be in effect."

There is no effort to amend the five year statute at all. There is not even any reference to it. While the appellants seek to use for their benefit the second sentence of said chapter 217, Laws of 1914, same providing in part that upon like proceedings (meaning a majority vote or petition) any part of a county, whether less than a township or not, may without the intervention of a petition, be added to any stock law heretofore or hereafter established, whether marked by natural boundaries or not; provided the same be surrounded or partly surrounded by territory heretofore or hereafter declared to be under stock law, we contend that since this court, in the *Ashley case, supra,* held that the board of supervisors could not repeal or modify its orders until five years had elapsed, the only territory which may be added to any stock law district heretofore or hereafter established, is territory which has not been in a stock-law district. But chapter 217, Laws of 1914, is not applicable to the proposition at bar.

However if it is applicable, then we contend that since a petition was filed or an election held in 1918, and the board of supervisors, acting on the result of the finding, at that time, towit the December, 1918, meeting, adjudged that the territory in question be embraced within a partial stock-law district, now or at any future time, until the expiration of five years from the December, 1918, meeting of the board it would have been powerless to repeal, modify or amend its former order of 1918. Conceding for the sake of argument that it would have been possible immediately after the passage of chapter 217, Laws of 1914.

where territory had not been in a then district for five years, for some question to arise as to the conflict in the two statutes; yet we contend that since this proposition was passed upon by the people in December, 1918, after the Act of 1914, had gone into effect, at this time appellants can receive no consolation from this chapter. Even in the case supposed, in the light of this case, there is no cause for a conflict in the two statutes.

The wisdom of the legislature in the enactment of the five-year statute is manifest. Boards of supervisors are overrun by parties wanting to get in a stock law, and then wanting to get out, and *vice versa.* Consequently, provision was made whereby, when a certain described territory was embraced within a stock law, then the persons effected could know that this would be their *status* for five years, and after that time, if they wished, a change could be brought. We confidently submit that the five-year statute is still the law, and that there is no conflict in the two statutes.

We therefore, submit that this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

The appellants, resident freeholders in six sections of land composing a partial stock law district, petitioned the board of supervisors to be annexed to a full stock law district contiguous and adjoining thereto. The petitioners had already adopted a partial stock law for their district by an election and order of the board in 1918, but they sought within less than five years to be added to the adjoining full stock law district which partially surrounded them.

The board of supervisors denied the relief asked for by the petitioners on the ground that—"It appearing to the board that said territory as above described is now embraced in a partial stock law district, and has not been in said partial stock law district for five years or more, as required by statute."

Section 2238, Code of 1906 (section 4560, Hemingway's Code), reads as follows:

"The board of supervisors may, after five years from the date of the order, and from time to time, on like petition or vote, repeal, modify, or amend its orders relating to the stock law; but a repeal or amendment shall not take effect so as to require crops to be fenced until after a reasonable time from which judgment this appeal is prosecuted.

Upon appeal from the order denying the relief sought by the petitioners, judgment was rendered by the circuit court sustaining the order of the board of supervisors, from which judgment this appeal is prosecuted.

The proceeding by the petitioners to be joined to a full stock law district, and thus change their partial stock law district, then in effect since 1918, to a full stock law district, was in pursuance of section 2235, Code of 1906 (section 4554, Hemingway's Code), and chapter 217, Laws of 1914 (section 4554, 4555, Hemingway's Code). Said last section 4555 reads as follows:

"A petition may be filed, or on election held under this act any time after it goes into effect regardless as to whether a stock law or no stock law shall then be in effect."

The only point to be determined on this appeal is whether or not said section 2238, Code of 1906, (section 4560, Hemingway's Code), has been repealed by said section 4555, Hemingway's Code. And, if repealed, then to what extent? We will therefore consider the question with reference to the apparent conflict in the two statutes.

Bearing in mind that repeals by implication are not favored by the courts, we should harmonize and uphold the two sections, if the legislative intent warrants it. We are convinced that it was not the purpose of the lawmakers to wholly repeal the said section 2238, Code of 1906 (section 4560, Hemingway's Code), by the enactment of section 4555, Hemingway's Code, and that both sections may stand, on the reasoning that the latter section only intended to allow one change in, or creation of, a stock law district by petition or election and order of the board any

time after its passage, regardless of whether the petitioners were already in the stock law district; and that, after such right to change a district had been exercised and the stock law district had been created, then no other change or modification in the district could be made by the board until after the expiration of five years from that time.

The petitioners, appellants here, had in 1918, after the passage in 1914 of said chapter 217, Hemingway's Code, section 4555, held an election and created a partial stock law district which remained in effect at the time of the presentation of the petition in this case, less than five years thereafter, seeking a change or modification of the petitioners' partial stock law district to that of a full stock law district by being annexed to the full stock law district adjoining thereto. Therefore the judgment of the lower court in sustaining the order of the board of supervisors refusing the relief prayed for by the petitioners was correct, because the board of supervisors was without power to change or modify its order creating the petitioners' partial stock law district in 1918 until the expiration of five years from the date of the creation of the district. *Board of Supervisors of Smith County* v. *Ashley,* 99 Miss. 788, 56 So. 165.

The appellants, as petitioners, having exercised the privilege of petitioning for a change in their stock law district in 1918, which was after the enactment of chapter 217, Laws of 1914 (section 4555, Hemingway's Code), they must be governed and controlled now by the said section 2238, Code of 1906 (section 4560, Hemingway's Code).

The judgment of the lower court is affirmed.

*Affirmed.*